IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTIE BROCK, | ) | |
| | ) | CIVIL ACTION NO. 2:21-cv-689 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| PRECISION PIPELINE, LLC, | ) | |
| | ) | *ELECTRONICALLY FILED* |
| Defendant. | ) | |

# COMPLAINT

Plaintiff, Christie Brock ("Ms. Brock"), a resident of Allegheny County, Pennsylvania, by and through her attorneys, brings this civil action for damages against the above-named Defendant, Precision Pipeline, LLC, demands a trial by jury, and complains and alleges as follows:

## NATURE OF THE CASE

1. This Complaint alleges illegal sexual discrimination and harassment on the basis of Ms. Brock's sex as well as a hostile work environment and retaliation, all in violation of the laws and statutes of the United States of America, specifically, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000d *et seq.* (hereinafter referred to as "Title VII").

## PARTIES

2. Ms. Brock is an adult female who currently resides in Oakdale, Allegheny County, Pennsylvania.

3. Defendant, Precision Pipeline, LLC (hereinafter "Defendant"), is a Wisconsin limited liability company with its headquarters located at 3314 56th Street, Eau Claire, Chippewa County, Wisconsin.

4. At all times relevant and material hereto, Defendant employed fifteen (15) or more people, and operated an office at 310 Constitution Boulevard, Monaca, Beaver County, Pennsylvania.

5. On or about April 23, 2020, Defendant hired Ms. Brock as a Van/Truck Driver at its location in Monaca, Beaver County, Pennsylvania.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court over the claims within this Complaint is based upon federal question jurisdiction pursuant to Title VII as well as 28 U.S.C. §§1331 and 1343 in that this district court has original jurisdiction of all civil actions arising under the laws of the United States.

7. Venue is proper in the Western District of Pennsylvania under 28 U.S.C. §1391 in that Defendant does business in this District and a substantial part of the events giving rise to the claims occurred in this district.

## ADMINISTRATIVE PROCEEDINGS

8. On or about July 29, 2020, Ms. Brock filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as EEOC Charge 530-2020-05112, alleging sex-based discrimination, a hostile work environment, and retaliation, with instructions to cross-file with the Pennsylvania Human Relations Commission.

9. Ms. Brock has been advised of her individual right to bring a civil action by receiving a Dismissal and Notice of Rights from the EEOC, dated March 5, 2021.[1]

10. All necessary and appropriate administrative prerequisites to the filing of this action have occurred and been satisfied.

## FACTUAL BACKGROUND

11. On or about April 23, 2020, Defendant hired Ms. Brock as a Van/Truck Driver at its location in Monaca, Beaver County, Pennsylvania.

12. Almost immediately after beginning her tenure with Defendant, Ms. Brock began experiencing discrimination on the basis of her sex from her co-worker,

---

[1] Plaintiff's claims for sex-based discrimination and retaliation were all "dual-filed" with the PHRC on or about July 29, 2020, respectively. As such, Plaintiff intends to amend her Complaint to include these state claims once they become ripe one year from their PHRC filing date.

3

Dean Friend.  Among other things, Mr. Friend would regularly belittle Ms. Brock, saying:

      a) that she was an embarrassment;

      b) that she should be fired; and

      c) that "this job is no place for a woman."

13. Ms. Brock repeatedly complained about Mr. Friend's harassment, notifying: her Foreman, Keith (LNU); her straw boss, Steve (LNU); and her union steward, Jeff Consella.  Additionally, Ms. Brock was informed that the Teamster President, Joe (LNU), was notified of the discrimination and complaints.

14. Ms. Brock was repeatedly assured by her supervisors that she was doing her job correctly.

15. Despite Ms. Brock's complaints, Mr. Friend continued to harass her.

16. On or about June 13, 2020, Ms. Brock overheard Mr. Friend loudly discussing her with a fellow employee, stating, again, that Ms. Brock was an embarrassment, that she should be fired, that women were unsuitable for this job, and that he would be taking steps to have her fired.

17. Ms. Brock confronted Mr. Friend on his comments and Mr. Friend promptly responded by escalating his verbal abuse and then spitting in Ms. Brock's face.[2]

18. Ms. Brock immediately notified Steve and Mr. Consella of this confrontation, including the spitting.

19. Ms. Brock then received a phone call from Safety Department representative, Zeb (LNU), regarding her sex-based discrimination complaints; Zeb told her that she needed to "suck it up and learn to take constructive criticism."

20. Defendant conducted an investigation of the June 13, 2020, incident, during which Ms. Brock reiterated her complaints that Mr. Friend had been targeting her on the basis of her sex.

21. On the basis of its investigation, Defendant terminated both Ms. Brock and Mr. Friend on or about June 15, 2020.

22. Ms. Brock believes and, therefore avers, that her termination on or about June 15, 2020, was in retaliation for her numerous good faith reports of Mr. Friend's inappropriate conduct and hostility towards her.

23. Defendant's sex-based, discrimination, and retaliation violated Ms. Brock's rights under Title VII of the Federal Civil Rights Act of 1964.

---

[2] Note that this spitting incident occurred in June 2020, in the midst of the COVID-19 pandemic.

## COUNT I

## TITLE VII VIOLATION
## SEX-BASED HARASSMENT - HOSTILE WORK ENVIRONMENT

24.     All prior paragraphs are incorporated herein as if set forth fully below.

25.     At all times relevant hereto, Ms. Brock was a female and, therefore, a member of a class of individuals protected against harassment on the basis of her sex during her employment with Defendant.

26.     Ms. Brock was subjected to sex-based harassment (hostile work environment) on the basis of her female sex in violation of Title VII, as described above.

27.     The sex-based harassment (hostile work environment) on the basis of sex to which Ms. Brock was subjected to would have detrimentally affected any reasonable person in her position.

28.     Defendant created, permitted, tolerated, encouraged, and fostered a sexually hostile, intimidating, demeaning, degrading, and demoralizing environment at its Monaca location, which was ongoing and pervasive, began shortly after Ms. Brock was hired and continued throughout the remainder of her employment.

29.     The acts of Defendant, and its officers, agents, and employees manifesting this hostile environment, insofar as they are known to Ms. Brock, included Mr. Friend's verbal abuse of Ms. Brock, stating that Defendant's worksite

was no place for a woman, and spitting in her face. All this despite Ms. Brock's direct objections and repeated complaints to Defendant's management.

30. The ongoing sex-based harassment was so severe and pervasive that Ms. Brock suffered significant stress and developed anxiety about having to go to work each day in this environment.

31. The hostile environment was known to Defendant's supervisors, including Ms. Brock's Foreman, Keith; her straw boss, Steve; and her union steward, Mr. Consella, who took no meaningful, effective, and/or permanent action to terminate the offending behavior or to remove the offending environment.

32. As a consequence of the hostile environment supported and encouraged by Defendant's actions and failures to act, Ms. Brock was subjected to emotional distress, humiliation, ridicule, and a negative effect on her work product and ability to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental and physical distress, injury, and damage.

33. As a result of the sexually hostile environment, Ms. Brock has suffered emotional distress, physical injury, a loss of self-respect and confidence, and has been subjected to great damage to her career and professional standing.

34. The actions of Defendant set forth above constitute violations of Title VII.

WHEREFORE, Plaintiff, Christie Brock, respectfully requests this Honorable Court enter judgment in her favor and against Defendants, Precision Pipeline, LLC, jointly and severally, together with compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate.

## COUNT II

### TITLE VII VIOLATION - RETALIATION

35. All prior paragraphs are incorporated herein as if set forth fully below.

36. As set forth above, subsequent to and as a result of Ms. Brock's repeated complaints of sexual harassment, Defendant retaliated against Ms. Brock by terminating her employment.

37. As a result of Defendant's actions, Ms. Brock has had her reputation damaged and standing in the community lowered, has suffered and continues to suffer pain, humiliation, ridicule, and embarrassment, has endured public humiliation before her family and friends, and has sustained economic losses.

38. WHEREFORE, Plaintiff, Christie Brock, respectfully requests this Honorable Court enter judgment in her favor and against Defendants, Precision Pipeline, LLC, jointly and severally, together with compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate.

## DEMAND FOR JURY

Pursuant to Federal Rules of Civil Procedure 38(b) and otherwise, Plaintiff, Christie Brock, respectfully demands a trial by jury.

Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

Dated: May 24, 2021

*/s/ Steve T. Mahan*
Steve T. Mahan (PA 313550)
smahan@weisbergcummings.com

*/s/ Derrek W. Cummings*
Derrek W. Cummings (PA 83286)
dcummings@weisbergcummings.com

*/s/ Larry A. Weisberg*
Larry A. Weisberg (PA 83410)
lweisberg@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (Fax)

*Counsel for Plaintiff*